Filed 9/15/20  P. v. Milliken CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C089246 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-2004-0007094, SF091235A) |
| v. | |
| JAMES MICHAEL MILLIKEN, | |
| Defendant and Appellant. | |

Defendant James Michael Milliken appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code section 1170.95.[1]  Defendant contends: (1) the court erred by summarily denying his petition after determining that he failed to establish a prima facie case that he fell within the provisions of the statute without first appointing counsel; and (2) no evidence in the record before the trial court supported its

---

[1] Undesignated statutory references are to the Penal Code.

1

denial of the petition. We conclude the trial court did not err in summarily denying defendant's petition, and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2005 a jury found defendant guilty of second degree murder (§ 187) and several lesser or related offenses. The jury also found true a special circumstances allegation that in the commission of the murder, defendant intentionally and personally discharged a firearm and proximately caused the death of the victim (§ 12022.53, subd. (d)). Defendant was sentenced to prison for the indeterminate term of 40 years to life for the murder conviction (15 years to life [§ 190, subd. (a)]) and the firearm enhancement (25 years to life [§ 12022.53, subd. (d)]). We affirmed the convictions on appeal. (*People v. Milliken* (March 17, 2009, C051656) [nonpub. opn.].)

As set forth in our opinion, the evidence adduced at trial demonstrated that defendant personally shot the victim 13 times: "Defendant, driving [X's] car, began arguing with [the victim] about how to steal black leather seats from a vehicle. Defendant pulled into a nearby orchard, saying he wanted to 'test fire.' The three got out of the car; defendant took out an assault rifle. Defendant pointed the rifle at [the victim] and asked: 'Do you believe in God?' [The victim] grabbed the barrel, pointed it to the ground, and asked what defendant was doing. After defendant told [the victim] he was just 'playing around,' [the victim] released the rifle barrel. [¶] Defendant backed up, pointed the rifle at [the victim], and fired 13 rounds. In a panic, [X] got back into the car. Defendant got into the car and told [X]: 'My gut don't lie.' He also warned [X] not to talk about what happened." (*People v. Milliken, supra*, C051656 [at pp. 6-7].)

At trial, defendant testified in his defense and denied shooting and killing the victim, claiming he was not present at the time the victim was shot and killed. The prosecution did not argue or request instructions on the natural and probable consequences doctrine, or the felony-murder rule, as a theory of murder liability; rather, the prosecution argued that defendant committed a deliberate, premeditated murder. The

2

court did not instruct the jury on the natural and probable consequences doctrine, or the felony-murder rule, as to the murder charge.

In 2019 defendant filed a form petition for resentencing under section 1170.95. In the petition, defendant declared that he was convicted of first degree or second degree murder under the felony-murder rule or the natural and probable consequences doctrine. According to the petition, he could not now be convicted of first or second degree murder based on the recent changes to sections 188 and 189. He requested that the court appoint him counsel.

The trial court summarily denied the petition. The court found that the facts declared to in defendant's petition were not accurate, and he was not eligible for resentencing because he "was determined by a jury to be the actual killer, and the decision was affirmed on appeal."

## DISCUSSION

## I

## *Summary Denial of Section 1170.95 Petition*

A.   *No Violation of Section 1170.95*

Defendant contends the trial court erred by summarily denying his petition without appointing counsel to represent him. We disagree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To accomplish this, the bill amended section 189 to limit liability under the felony-murder doctrine and, as relevant to these proceedings, amended section 188 to provide: "Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act

3

with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, §§ 2-3.)  "As a result, the natural and probable consequences doctrine can no longer be used to support a murder conviction.  [Citations.]  The change did not, however, alter the law regarding the criminal liability of direct aiders and abettors of murder because such persons necessarily 'know and share the murderous intent of the actual perpetrator.'  [Citations.]  One who directly aids and abets another who commits murder is thus liable for murder under the new law just as he or she was liable under the old law." (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1135, review granted Mar. 18, 2020, S260598 (*Lewis*).)

Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial . . . .  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

Under section 1170.95, subdivision (b)(1), the petition must include:  "A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a)"; "[t]he superior court case number and year of the petitioner's conviction"; and "[w]hether the petitioner requests the appointment of counsel."

Defendant's claim turns on the meaning of section 1170.95, subdivision (c), which provides:  "The court shall review the petition and determine if the petitioner has made a

4

prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

In essence, the dispute is over whether section 1170.95, subdivision (c) provides for two determinations by the trial court, or one.[2] The parties agree that, as provided in the last sentence of subdivision (c), after an appointment of counsel and briefing, the court makes a determination whether the petitioner has made a prima facie showing that he or she is entitled to relief. The People argue that, additionally, the first sentence of subdivision (c) authorizes a trial court to determine whether a petitioner has made a prima facie showing that he or she falls within the provisions of section 1170.95 before appointing counsel and receiving briefing. Defendant argues the statute does not authorize courts to summarily deny petitions in this manner. The People have the better argument.

"It is a settled axiom of statutory construction that significance should be attributed to every word and phrase of a statute, and a construction making some words surplusage should be avoided." (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1010.) Interpreting the statute as defendant urges would render the first sentence of subdivision (c) mere surplusage. While the requirement to appoint counsel is mandatory, it does not

---

[2] Another review is provided for in section 1170.95, subdivision (b)(2). If any of the information required by subdivision (b)(1) "is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

5

arise until the petitioner has first made a prima facie showing that he or she falls within the provisions of section 1170.95.  When interpreting statutory language, we do not examine language in isolation but consider it in the context of the statutory framework as a whole.  (*Bruns v. E-Commerce Exchange, Inc*. (2011) 51 Cal.4th 717, 724.)  "When the statutory framework is, overall, chronological, courts will construe the timing of particular acts in relation to other acts according to their location within the statute; that is, actions described in the statute occur in the order they appear in the text."  (*Lewis, supra*, 43 Cal.App.5th at pp. 1139-1140.)  "The structure and grammar of this subdivision indicate the Legislature intended to create a chronological sequence."  (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 332, review granted Mar. 18. 2020, S260493 (*Verdugo*).)  Thus, "we construe the requirement to appoint counsel as arising in accordance with the sequence of actions described in section 1170.95[,] subdivision (c); that is, after the court determines that the petitioner has made a prima facie showing that petitioner 'falls within the provisions' of the statute, and before the submission of written briefs and the court's determination whether petitioner has made 'a prima facie showing that he or she is entitled to relief.'  (§ 1170.95, subd. (c).)"  (*Lewis*, at p. 1140.)  "If, as here, the court concludes the petitioner has failed to make the initial prima facie showing required by subdivision (c), counsel need not be appointed."  (*Verdugo*, at pp. 332-333.)  Nor is briefing required.

Defendant asserts he satisfied the threshold requirement for relief under section 1170.95 because he filed a declaration stating that he was qualified for relief.  This assertion ignores the third requirement:  "The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a)(3).)  We agree with those authorities that have concluded the trial court can consider the record of conviction in making its initial determination under section 1170.95, subdivision (c).  (*Verdugo, supra*, 44 Cal.App.5th at pp. 329-330; *Lewis, supra*, 43 Cal.App.5th at p. 1137.)

6

In defendant's case, summary dismissal of his petition was appropriate because the record of conviction showed that the issue of whether defendant was the actual killer had been litigated and decided against defendant. (See *Lewis, supra*, 43 Cal.App.5th at pp. 1138-1139.) A jury found defendant guilty of second degree murder and found true a special circumstances allegation that in the commission of the murder, defendant intentionally and personally discharged a firearm and proximately caused the death of the victim. Moreover, the court did not instruct the jury on the natural and probable consequences doctrine or the felony-murder rule as theories of murder liability, and the prosecutor did not argue either theory. As the trial court concluded, defendant was not eligible for resentencing because he "was determined by a jury to be the actual killer, and the decision was affirmed on appeal." The record of conviction "directly refutes defendant's conclusory and unsupported statement in his petition that he [could not now be convicted of murder], and therefore justifies the summary denial of his petition . . . ." (*Id.* at p. 1139.) No further briefing or evidence could aid the court in reaching this conclusion. Indeed, " 'It would be a gross misuse of judicial resources to require the issuance of an order to show cause or even appointment of counsel based solely on the allegations of the petition, . . . when even a cursory review of the court file would show as a matter of law that the petitioner is not eligible for relief.' " (*Id.* at p. 1138.)

The trial court did not fail to follow the procedures mandated by section 1170.95.

B.    *No Constitutional Right to Counsel*

Defendant also argues the trial court's ruling violated his federal constitutional rights to due process and the assistance of counsel. We disagree. As we have discussed, section 1170.95 confers no right to counsel at this stage. Given the nature of the court's inquiry at this stage, neither does the federal Constitution.

"A criminal defendant has a constitutional right to counsel at all critical stages of a criminal prosecution, including sentencing." (*People v. Doolin* (2009) 45 Cal.4th 390, 453.) " ' "The determination whether the hearing is a 'critical stage' requiring the

7

provision of counsel depends . . . upon an analysis 'whether potential substantial prejudice to defendant's rights inheres in the [particular] confrontation and the ability of counsel to help avoid that prejudice.' " [Citation.]' [Citation.] ' "[T]he essence of a 'critical stage' is . . . the adversary nature of the proceeding, combined with the possibility that a defendant will be prejudiced in some significant way by the absence of counsel." ' " (*People v. Rouse* (2016) 245 Cal.App.4th 292, 297 (*Rouse*).)

Defendant's reliance on *Rouse, supra*, 245 Cal.App.4th 292 is unavailing. The court in *Rouse* held that "when a defendant currently serving a felony sentence presents a petition [under Proposition 47] pursuant to section 1170.18, subdivision (a) and is found eligible for resentencing, that defendant is entitled to the assistance of counsel at resentencing in every case involving a judgment of conviction of more than one felony such that the court has discretion to restructure the sentence on all counts." (*Id.* at p. 301.) The court explained its view that "a resentencing hearing on a petition under section 1170.18, subdivision (a), under the circumstances of this case, is akin to a plenary sentencing hearing" and "properly characterized as a 'critical stage' in the criminal process to which the right to counsel attaches." (*Id.* at pp. 299, 300.) The court explained that even if it "were to assume the right to counsel does not emanate from the Sixth Amendment since this is a postconviction proceeding, we still conclude defendant had a due process right to the assistance of counsel at his resentencing in this case." (*Id.* at p. 300.) *Rouse* is explicitly inapplicable to this proceeding. The court emphasized: "To be clear, we conclude the right attaches only at the resentencing stage. Whether the right to counsel attaches at an earlier stage of the petition, including the eligibility phase, was not before us and we therefore express no opinion on that issue." (*Id.* at p. 301; see also *People v. Washington* (2018) 23 Cal.App.5th 948, 957 [indicating right to counsel attaches at evidentiary hearing under Proposition 47].) Here, defendant's petition did not make even a prima facie showing of eligibility, and he cites no authority suggesting there is a right to counsel at a point analogous to the court's determination at the first step of

8

section 1170.95, subdivision (c). "The court's role at this stage is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner." (*Verdugo, supra*, 44 Cal.App.5th at p. 329.) This could not be a critical proceeding because it presents a purely legal question to which the presence of counsel would not contribute. (See *People v. Simms* (2018) 23 Cal.App.5th 987, 996.)

The trial court's summary denial of defendant's petition did not violate his constitutional rights.

## II

### *Record of Conviction Supports Summary Denial*

Defendant contends that the trial court's ruling denying his petition was not supported by substantial evidence. We disagree.

As we have discussed, defendant's bare petition did not meet his burden of making a prima facie showing that he falls within the provisions of section 1170.95. Further, as summarized by the trial court, his record of conviction precludes it. (See *Verdugo, supra*, 44 Cal.App.5th at pp. 329-330.) The trial court properly determined that defendant's record of conviction showed he did not fall within the provisions of section 1170.95 because he "was determined by a jury to be the actual killer, and the decision was affirmed on appeal." He failed to make a prima facie showing and indeed, he could not make this showing because he is patently ineligible for relief under the requirements for resentencing under the statute. (See *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 ["The jury convicted him of second degree murder and found true that he personally and intentionally used a firearm to commit the crime. Thus, the jury implicitly found Cornelius was the 'actual killer,' and the changes to sections 188 and 189 are inapplicable"], review granted Mar. 18, 2020, S260410.) Accordingly, we reject defendant's claim.

9

## DISPOSITION

The judgment is affirmed.

_____/s/_____
RAYE, P. J.

We concur:

_____/s/_____
ROBIE, J.

_____/s/_____
MAURO, J.