Filed 5/25/18

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| THE PEOPLE, | B284474 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA050792) |
| v. | |
| RODERICK WASHINGTON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Mark S. Arnold, Judge.  Reversed and remanded.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

Roderick Washington filed a petition for reclassification under Proposition 47, the Safe Neighborhood and Schools Act (Proposition 47), asking that his second degree burglary conviction be reclassified as a misdemeanor. The trial court summarily denied the petition on the ground that a burglary with the intent to commit identity theft does not constitute "shoplifting" under Proposition 47.

On appeal, petitioner contends, respondent concedes, and we agree that a burglary with the intent to commit identity theft may meet the statutory definition of shoplifting under Proposition 47. However, respondent argues that the court's summary denial of the petition was correct because petitioner did not meet his initial burden of proof. Respondent argues that a Proposition 47 petitioner has the initial burden of showing three things: (1) he did not intend to commit a theft of property exceeding $950, (2) he did not intend to commit a nontheft felony, and (3) the value of the stolen property did not exceed $950.

We conclude that legal authorities only support respondent's third characterization of a petitioner's initial burden under Proposition 47. We further conclude that petitioner made a prima facie showing that the property stolen was less than $950. On all these grounds, the trial court erred in its summary denial of the petition. We reverse and remand for the trial court to further consider the petition along with the record of conviction.

### FACTUAL AND PROCEDURAL BACKGROUND

Based on the incomplete record before us, it appears that in 2002, petitioner was convicted of (1) identity theft (Pen.

1

Code, § 530.5, subd. (a))[1]; (2) burglary at a commercial establishment (§ 459); and (3) possession of a forged driver's license (§ 470b). All three counts appear to have arisen from petitioner having used another person's identity without permission to secure credit and thereby purchase items at a Nordstrom's store. The trial court sentenced petitioner to three years in prison.

In November 2014, the voters passed Proposition 47. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 was intended to ensure prison spending is focused on violent and serious offenders, to maximize alternatives for nonserious, nonviolent crimes, and to invest the savings generated thereby into educational, social, and mental health causes. [Citation.] To this end, Proposition 47 reduced most possessory drug offenses and thefts of property valued at $950 or less to straight misdemeanors." (*People v. Brown* (2017) 7 Cal.App.5th 1214, 1217.)

"Proposition 47 added section 459.5, which classifies 'shoplifting' as a misdemeanor 'where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).' [Citation.]" (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448.) In addition, Proposition 47 created a process whereby a person who has completed a felony sentence for a crime that would be a misdemeanor under Proposition 47 may petition to have his or

---

[1] All undesignated statutory references are to the Penal Code.

her conviction reclassified as a misdemeanor.[2] (§ 1170.18, subd. (f).)

One month after Proposition 47 went into effect, in December 2014, petitioner filed a petition in pro per to have his 2002 burglary conviction reclassified as a misdemeanor. The trial court summarily denied it on the following ground: "The theft from Nordstrom was accomplished by identity theft. This [is] not a shop-lifting type of crime."

In March 2017, *People v. Gonzales* (2017) 2 Cal.5th 858 held that entering a bank to cash a stolen check for less than $950 is "shoplifting" within the meaning of section 459.5. (*Id.* at p. 862.) The Court further held that even if the defendant entered the bank with an intent to commit identity theft, he could only be charged with shoplifting under section 459.5. (*Id.* at p. 876.)

In August 2017, petitioner filed a second petition in pro per to reclassify his burglary as shoplifting under Proposition 47. The handwritten petition stated that "The defendant crime consisted of 530.5(a) [identity theft] and 470(b) [forgery] and 459 [burglary] which consisted of 450.00 . . . ."

The trial court, apparently unaware of *Gonzales*, summarily denied the petition in reference to its prior order holding that identity theft does not constitute shoplifting under Proposition 47. Petitioner filed a writ of habeas corpus challenging the trial court's denial of his petition. We designated his habeas petition as a notice of appeal of the trial court's order under Proposition 47. (See § 1237, subd. (b) [a postjudgment order affecting the substantial rights of the party

---

[2] Petitioner has completed his felony sentence.

3

is appealable]; *Teal v. Superior Court* (2014) 60 Cal.4th 595, 601.)

## *DISCUSSION*

1.    *Proposition 47*

Under Proposition 47, a person who has completed his or her sentence for a qualifying conviction may file an application to have the felony conviction designated as a misdemeanor. (§ 1170.18, subd. (f).)  The application must be filed by November 4, 2022, unless good cause is shown.  (§ 1170.18, subd. (j).)  At least one commentator has suggested that there is no right to counsel in connection with the preparation of the petition.  (See Couzens, Bigelow & Prickett, Sentencing California Crimes (The Rutter Group 2018) § 25.15.)

"An applicant is entitled to relief if he or she has committed a qualified crime and has no disqualifying prior conviction and is not required to register as a sex offender. (§ 1170.18(g).)  . . .  The screening of the application will be based on the court's file, including the petitioner's record of convictions. . . .  The initial screening must be limited to a determination of whether the applicant has presented a *prima facie* basis for relief under section 1170.18.  At this level of review, the court should not consider any factual issues such as the value of any property taken regarding any qualified theft crimes."  (Couzens, *supra*, Sentencing California Crimes, § 25.14.)

However, when eligibility for reclassification "turn[s] on facts that are not established by either the uncontested petition or the record of conviction . . . an evidentiary hearing may be 'required if, after considering the verified petition, the

4

return, any denial, any affidavits or declarations under penalty of perjury, and matters of which judicial notice may be taken, the court finds there is a reasonable likelihood that the petitioner may be entitled to relief and the petitioner's entitlement to relief depends on the resolution of an issue of fact.' [Citations.]" (*People v. Romanowski* (2017) 2 Cal.5th 903, 916.)

2.     *The Petitioner's Burden Under Proposition 47*

Petitioner contends that the trial court's stated reason for denying his petition—that "shoplifting" under section 459.5 does not include identity theft—was rejected by the Supreme Court in *People v. Gonzales* (2017) 2 Cal.5th 858. Respondent concedes this point, and we agree.

Respondent nevertheless posits that affirmance is still appropriate because the trial court "could simply have denied the petition" on the grounds that petitioner did not meet his prima facie burden of showing (1) he did not intend to commit a theft of property exceeding $950, (2) he did not intend to commit a nontheft felony, and (3) the value of the stolen property did not exceed $950.

Respondent cites *People v. Gonzales, supra,* 2 Cal.5th at pages 876 through 877 in support of the argument that under Proposition 47 a petitioner has a prima facie burden of showing he did not intend to commit a theft of property exceeding $950 or a nontheft felony. Respondent apparently relies on the Court's statement that a "felony burglary charge could legitimately lie if there was proof of entry with intent to commit a nontheft felony or intent to commit a theft of other property exceeding the shoplifting limit." (*Id.* at p. 877.) We do not interpret the Supreme Court's language as meaning

5

that a petitioner bears the prima facie burden of presenting evidence of these facts in order to get a hearing before the court on Proposition 47 relief.

We are left with respondent's argument that petitioner did not meet his prima facie burden of showing the value of the stolen property did not exceed $950. In support, respondent cites to *People v. Sherow* (2015) 239 Cal.App.4th 875, where the court held that (1) a Proposition 47 petitioner bears the initial burden of showing the property stolen did not exceed $950, and (2) petitioner did not meet this burden where the petition did not contain any information about the value of the stolen property. (*Id.* at p. 880.) In that case, the prosecution opposed the petition on the ground that the loss exceeded $950, and the court found from its review of the record that the loss exceeded $100,000. (*Id.* at p. 877.)

Here, respondent suggests that in order for a petitioner to meet his initial burden, he must submit "a declaration, court documents, [or] record citations" regarding the value of the stolen property. Stated another way, respondent is arguing that, in order for a petitioner to meet his prima facie burden of showing entitlement to Proposition 47 relief, he must provide additional evidence beyond his own statement about the value of the stolen property. Petitioner, by contrast, takes the position that he met his initial burden by affirmatively stating that the value of the stolen property was $450. We agree with petitioner.

First, we emphasize that the issue before us involves "the initial screening" of a Proposition 47 petition which "must be limited to a determination of whether the petitioner has presented a *prima facie* basis for relief under section 1170.18."

(Couzens, *supra*, Sentencing California Crimes, § 25.14.) This initial screening is based on a review of the petition itself, generally prepared by the petitioner in pro per, as well as the record of conviction. (*Ibid.*) If the court finds, based on the petition and its review of the record, that there is a prima facie basis for relief, the court should then hold "a full qualification hearing at which any additional evidence may be received on the issue of eligibility." (*Ibid.*) Accordingly, we emphasize that at this point in the process we are only addressing what information a petitioner must provide to the court prior to a hearing at which the petitioner and prosecutor may present evidence not otherwise established by the record.

Second, although petitioner submitted his own handwritten petition, we note that the Los Angeles Superior Court has adopted a half-page form for Proposition 47 petitioners.[3] The form requires the petitioner to sign a statement informing the court of (1) the felony of which he was convicted, and (2) the date of his conviction. The form also gives the petitioner the option of checking a box stating "The amount in question is not more than $950." The form does not provide space for a petitioner to write in additional information about the stolen property, nor does it indicate that the petitioner is required to, or even may, attach any evidence to the form. Under respondent's argument, a defendant filling

---

[3]　A copy of the form is attached to our opinion. A number of counties have adopted such forms for use by defendants petitioning for resentencing and reclassification under Proposition 47, some of which are mandatory. (See, e.g., Superior Court of San Diego County form CRM-277 and Superior Court of Sacramento County form CR-325.)

7

out the approved form correctly would not meet his prima facie burden.

We cannot agree. To adopt respondent's argument would effectively nullify the Los Angeles Superior Court's efforts to process Proposition 47 petitions. No petitioner could meet the prima facie burden without crafting his or her own petition in derogation of the form adopted by the court, or modifying the official form to include handwritten statements in the margins or by attaching additional paperwork.

To the extent *People v. Perkins* (2016) 244 Cal.App.4th 129 holds otherwise, we respectfully disagree with its analysis. In *Perkins*, the defendant filled out the Riverside County Superior Court form requesting resentencing under Proposition 47 for his theft conviction. (*Id.* at p. 135.) The petition stated "that the value of the stolen property did not exceed $950. However, [the petitioner] did not identify the stolen property or attach evidence, a declaration, or include citations to the record of conviction to support the assertion that it did not exceed $950 in value." (*Ibid.*) The superior court denied the petition without a hearing on the ground the stolen property exceeded $950 in value. (*Ibid.*) The court "did not explain the basis" for its finding. (*Ibid.*)

The Court of Appeal affirmed, holding that in order for a Proposition 47 petitioner to meet his burden of "showing the value of the property did not exceed $950," the petitioner "must attach information or evidence necessary to enable the court to determine eligibility." (*Perkins*, *supra*, 244 Cal.App.4th at p. 137.) Petitioner "should describe the stolen property and attach some evidence, whether a declaration, court documents,

8

record citations or other probative evidence showing he is eligible for relief." (*Id.* at p. 140.)

The *Perkins* court acknowledged that the record did not, in fact, support the superior court's finding that the stolen property exceeded $950, but held that the petition was properly denied because "the failure of evidence began with defendant's petition." (*Perkins*, *supra*, 244 Cal.App.4th at p. 139.) However, the court noted that "defendant may have been misled about the requirements of petitioning for relief under Proposition 47" because "the form defendant used to petition includes no space for and no directions to include evidence or information regarding the value of stolen property. Even the revised form the superior court now provides omits any discussion or directions about submitting evidence." (*Id.* at p. 140.) The court reasoned that "when defendant filed his petition, the ground rules were unsettled" and remanded the case to allow him an opportunity to resubmit the petition attaching the necessary evidence. (*Ibid.*)

Over two years have passed since the filing of *Perkins* and our review of the Riverside County form discloses that it still "includes no space for and no directions to include evidence or information regarding the value of stolen property." (*Perkins*, *supra*, 244 Cal.App.4th at p. 140.) Rather, similar to the Los Angeles County form, the form includes a box a petitioner may check stating he "believes the value of the check or property does not exceed $950." The Riverside form is mandatory. Thus, although the "ground rules" are now purportedly settled, petitioners are still being "misled" by superior court forms directing them to simply check a box

9

regarding the value of the stolen property at issue. (*Id.* at p. 140.)

We disagree with *Perkins* on a secondary ground. It is unrealistic to expect Proposition 47 petitioners, who are often self-represented either from prison or upon release, to marshal evidence at the initial stage to establish that the stolen property at issue in their convictions did not exceed $950 at the time it was stolen. Once a petitioner has met his initial burden of eligibility, the prosecution is allowed "the opportunity to oppose the petition by attempting to establish that the petitioning defendant is *ineligible*" for the requested relief. (*People v. Johnson* (2016) 1 Cal.App.5th 953, 965.) "This may be accomplished . . . by rebutting the petitioning defendant's evidence . . . ." (*Ibid.*) The prosecution, should it choose to, is much more equipped to do so.

If the prosecution chooses to oppose a Proposition 47 petition on the ground the value of the stolen property exceeds $950, and this fact is not established by the record of the initial plea or conviction, the superior court should then hold an evidentiary hearing at which the value of the property taken may be considered. (Couzens, *supra*, Sentencing California Crimes, § 25:14; *Romanowski*, *supra*, 2 Cal.5th 903.) At that stage, it is likely that a petitioner will be afforded counsel who can ably present evidence on the disputed factual issues. (Couzens*, supra*, Sentencing California Crimes, § 25:15 ["Since section 1170.18 allows a person to seek 'resentencing' or 'reclassification,' it would appear the person has a right to counsel in any court proceeding where the merits of the application are considered."].)

10

On these grounds, we conclude that a petitioner's statement that the value of the stolen property did not exceed $950 is sufficient to meet his prima facie burden under Proposition 47 with respect to the value of the stolen goods in question. A petition "should *allege*, and *where possible*, provide evidence of the facts necessary to eligibility . . . under section 1170.18." (*People v. Page* (2017) 3 Cal.5th 1175, 1189 (emphasis added).) Petitioner's statement here—that "the defendant crime consisted of . . . 459 which consisted of 450.00"—was sufficient to meet that initial burden as it alleged, in *Page's* words, the value of the stolen goods was less than the statutory maximum. Petitioner's statement was equivalent to checking a box on the Los Angeles Superior Court form that the "amount in question is not more than $950."

The matter is remanded for the trial court to further consider the petition along with the record of conviction. Should petitioner's eligibility for reclassification turn on facts that are not established by the uncontested petition or record of conviction, the trial court should hold an evidentiary hearing on the matter.

/ / /

/ / /

11

***DISPOSITION***

The order is reversed and the matter is remanded for further consideration on the issue of petitioner's eligibility for reclassification under Proposition 47.


RUBIN, ACTING P. J.

WE CONCUR:


GRIMES, J.


ROGAN, J.*

---

\*      Judge of the Orange Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:         FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |
| PEOPLE OF THE STATE OF CALIFORNIA <br><br> vs. <br><br> **DEFENDANT** | **CASE NUMBER:** |

**APPLICATION/PETITION FOR RESENTENCING AND PEOPLE'S RESPONSE**
(Penal Code § 1170.18, subsections (b) and (g))

**DEFENDANT'S APPLICATION/PETITION**

On _____, defendant was convicted in the above-captioned case of a felony violation of a crime that has now been made a misdemeanor pursuant to Proposition 47. He/she was convicted of the following felony: _____

*code section(s), including subsection(s)*

❏ **Defendant does not have any conviction for an offense listed in Penal Code § 667(e)(2)(C)(iv) or which requires registration as a sex offender pursuant to Penal Code § 290(c).**

*For Penal Code convictions only:*

❏ **The amount in question is not more than $950.**

*For Penal Code § 666 convictions only:*

❏ **Defendant is not required to register under any portion of the Sex Offender Registration Act** *(Penal Code §§ 290 through 290.024).*

**Applications Only**

❏ **Defendant has completed his/her sentence for the offense and requests that the felony conviction be designated a misdemeanor conviction pursuant to Penal Code § 1170.18(f)-(i).**

**Petitions Only**

❏ **Defendant requests that the felony sentence be recalled and that he/she be resentenced to a misdemeanor pursuant to Penal Code § 1170.18(a)-(e).**

❏ **Defendant is still on supervision even though he/she has completed the jail or prison term.**     *OR*     ❏ **Defendant is currently serving a sentence for the offense in**
❏ **Defendant requests that he/she be released from parole per Penal Code § 1170.18(d).**
                                         _____ <br> *(name of jail or prison)*

❏ **Resentencing the defendant would not pose an unreasonable risk of danger to public safety, as defined in Penal Code § 1170.18(c).**

_____     _____
*Date*                                        *Defendant or Attorney for the Defendant*

**DISTRICT ATTORNEY'S RESPONSE**

❏ People do not oppose. Defendant has completed his/her sentence and is eligible to have the felony conviction designated as a misdemeanor conviction.

❏ People do not oppose. Defendant is still serving his/her sentence and is eligible and suitable for resentencing. The People recommend the following sentence: _____

❏ People waive presence at resentencing.

❏ People oppose. Defendant is ineligible for the relief requested:
     ❏ Defendant's current conviction for _____ does not qualify for Proposition 47 relief.
     ❏ Defendant is required to register pursuant to Penal Code § 290(c), or pursuant to Penal Code §§ 290 to 290.024 if the conviction is for Penal Code § 666.
     ❏ Defendant has a prior conviction for an offense listed in Penal Code § 667(e)(2)(C)(iv): _____

❏ People oppose. Defendant is eligible, but unsuitable for resentencing because resentencing the defendant poses an unreasonable risk of danger to public safety pursuant to Penal Code § 1170.18(c). People request that a suitability hearing be set.

_____     _____
*Date*                                          *Deputy District Attorney*

Adopted for Use <br>
Superior Court of California, County of Los Angeles <br>
CRIM 235 (Rev. 02/15)

APPLICATION/PETITION FOR RESENTENCING, RESPONSE (PC § 1170.18(b) and (g))

13