Filed 10/29/20  P. v. Thao CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C089584 |
| Plaintiff and Respondent, | (Super. Ct. No. 95F01142) |
| v. | |
| ENG THAO, | |
| Defendant and Appellant. | |

A jury convicted defendant Eng Thao of first degree murder and conspiracy to commit first degree murder for the 1994 murder of J.K., and this court affirmed the conviction in 1998.  In February 2019 defendant filed a petition for resentencing under Penal Code section 1170.95[1] and requested the appointment of counsel.  The trial court found that defendant was ineligible for relief and denied the petition without holding a hearing.  Defendant appeals, arguing that the trial court improperly denied his section

----

[1]  Undesignated statutory references are to the Penal Code.

1

1170.95 petition because the court did not follow proper procedures when it conducted an independent inquiry without the benefit of briefs from the prosecution or defense counsel.

For the reasons set forth below, we conclude the trial court did not err in denying defendant's petition and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Following the 1994 killing of J.K., a jury found defendant guilty of first degree, premeditated murder (§ 187, subd. (a)), conspiracy to commit first degree murder (§ 182), and vehicle theft (Veh. Code, § 10851). The jury also found true special allegations of gang and firearm use enhancements (§§ 186.22, subd. (b), 12022.5, subd. (a)). The trial court sentenced defendant to state prison for 29 years to life. Following an appeal, this court affirmed the judgment. On September 8, 1998, we issued a remittitur, rendering the judgment final.

On February 21, 2019, defendant filed a petition to vacate his murder conviction, citing section 1170.95. In the petition, defendant averred that a complaint or information had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, and he had been convicted of murder under one of those theories; he did not specify in the petition which theory applied. He did not assert any new facts or evidence to support his petition. He requested that the court appoint him counsel in the proceeding on the petition. The district attorney filed an application for an extension of time to file a response to defendant's petition, which was granted.

Before the district attorney filed a response to the petition, the trial court summarily denied the petition in a written order. The court found defendant had failed to make a prima facie showing that he was eligible for relief under section 1170.95 because "[t]he jury verdict for the first degree murder contains a specific finding by the jury that defendant [] is guilty of Penal Code § 187(a) 'Murder in the First Degree, a willful, deliberate and premeditated killing with express malice aforethought.' " The court

2

observed: "There was *no* jury instruction given on the natural and probable consequences doctrine with regard to *first* degree murder. Nor was the jury instructed on any felony murder theory with regard to *first* degree murder; rather, the felony murder instruction was given only with regard to [the lesser included offense of] *second* degree murder . . . ." The court further observed, "The only theory of first degree murder upon which the jury was instructed was that of a 'willful, deliberate and premeditated killing with express malice aforethought,' and that instruction included specific language specifying that to find guilt of first degree murder the jury must find that defendant [] had a 'clear, deliberate intent . . . to kill.' " Having determined these facts from the record of conviction, the trial court found "it is beyond a reasonable doubt that the jury unanimously concluded that defendant [] had acted with specific intent to kill." Thus, the court denied his petition, concluding defendant was not entitled to relief under section 1170.95.

## DISCUSSION

Defendant challenges the trial court's summary denial of his petition. He contends the court erred in concluding, based on his record of conviction, that he did not make a prima facie showing without first appointing counsel or allowing briefing. The Attorney General contends that because the trial court concluded defendant was ineligible for relief as a matter of law, the court did not err in refusing to first appoint counsel or review briefing from the parties.

### A.      Senate Bill No. 1437

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019 (Bill 1437), revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended section 188, which defines malice, and section 189, which defines the degrees

3

of murder to address felony-murder liability; it also added section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2-4; *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1133, review granted Mar. 18, 2020, S260598 (*Lewis*).)

Section 1170.95, subdivision (c) provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." ( 1170.95, subd. (c).)

To make a prima facie showing, all three of the following conditions must apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.
[And]

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

Section 189 was amended to include new subdivision (e), which provides: "(e) A participant in the perpetration or attempted perpetration of a felony [including rape,

4

robbery, and burglary] in which a death occurs is liable for murder only if one of the following is proven:

"(1) The person was the actual killer.

"(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

"(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Bill 1437 also "added a crucial limitation to section 188's definition of malice for purposes of the crime of murder." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 326, review granted Mar. 18, 2020, S260493 (*Verdugo*).) Under new section 188, subdivision (a)(3), "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." "As a result, the natural and probable consequences doctrine can no longer be used to support a murder conviction." (*Lewis, supra*, 43 Cal.App.5th at p. 1135, rev. granted.)

## B. Analysis

Defendant contends the trial court erred by summarily denying his petition without following procedures he claims newly enacted section 1170.95 mandates. In his view, section 1170.95 does not permit a court to preliminarily determine whether a defendant meets the statute's prima facie criteria. Instead, upon receiving a section 1170.95 petition, the trial court must first appoint counsel, if requested, and permit the parties to file responsive pleadings before determining whether the defendant has stated a prima facie case of eligibility. Interpreting the statute as defendant urges would render the first sentence of subdivision (c), which provides that "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section," mere surplusage. (See *Delaney v. Superior Court* (1990)

5

50 Cal.3d 785, 799 ["a construction that renders a word surplusage should be avoided"]; see also *People v. Woodhead* (1987) 43 Cal.3d 1002, 1010 ["It is a settled axiom of statutory construction that significance should be attributed to every word and phrase of a statute, and a construction making some words surplusage should be avoided"].)

When interpreting statutory language, moreover, we do not examine language in isolation but consider the context of the statutory framework as a whole. (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 724.) "When the statutory framework is, overall, chronological, courts will construe the timing of particular acts in relation to other acts according to their location within the statute; that is, actions described in the statute occur in the order they appear in the text." (*Lewis, supra*, 43 Cal.App.5th at pp. 1139-1140, rev. granted, citing *KB Home Greater Los Angeles, Inc. v. Superior Court* (2014) 223 Cal.App.4th 1471, 1477 [statutory scheme's sequential structure supports interpretation that acts required by the statute occur in the same sequence].) Applying this principle to section 1170.95, subdivision (c), the trial court must first determine whether a petitioner has made a prima facie showing that he or she "falls within the provisions" of the statute before appointing counsel, receiving briefs and then determining whether the petitioner has made "a prima facie showing that he or she is entitled to relief." (§ 1170.95, subd. (c); *Lewis*, at p. 1140; see *Verdugo, supra*, 44 Cal.App.5th at p. 330, rev. granted ["That the Legislature intended this three-step evaluation of a section 1170.95 petition is confirmed by the history of the legislation"].)

As other courts have recognized, "[a] prima facie showing of eligibility triggers the trial court's obligation to issue an order to show cause and either hold a hearing, give the parties an opportunity to waive a hearing and stipulate to eligibility, or '[i]f there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner.' " (*People v. Ramirez* (2019) 41 Cal.App.5th 923, 929, citing § 1170.95, subds. (c), (d)(1) & (2).) That is, only after

the trial court determines that a petitioner has made a sufficient prima facie showing that he or she "falls within the provisions" of the statute is briefing done and a hearing held where the prosecution "has the burden to prove beyond a reasonable doubt[] that [a] petitioner is ineligible for resentencing." (*Ramirez*, at p. 929; § 1170.95, subd. (d)(3).) Where the court concludes that the petitioner does not fall within the provisions of the statute, no purpose would be served by proceeding to the next stages (appointment of counsel, response by the prosecutor, order to show cause), and summary denial of the petition without a hearing is proper. Indeed, " '[i]t would be a gross misuse of judicial resources to require the issuance of an order to show cause or even appointment of counsel based solely on the allegations of the petition, which frequently are erroneous, when even a cursory review of the court file would show as a matter of law that the petitioner is not eligible for relief.' " (*Lewis, supra*, 43 Cal.App.5th at p. 1138, rev. granted; see *People v. Cornelius* (2020) 44 Cal.App.5th 54, 57-58, review granted Mar. 18, 2020, S260410 [affirming summary denial of petition based on verdict, trial transcript, and prior appeal].)

Our sister courts have further held that in determining whether a petitioner has met his burden of demonstrating prima facie eligibility, a trial court may look to documents that are part of the record of conviction or are otherwise in the court file. We agree. In *Verdugo, supra*, 44 Cal.App.5th at page 330, review granted, the Court of Appeal held that the trial court, in evaluating a petition under section 1170.95, should determine from all readily ascertainable information "whether there is a prima facie showing the petitioner falls within the provisions of the statute." The court reasoned: "Although subdivision (c) does not define the process by which the court is to make this threshold determination, subdivisions (a) and (b) of section 1170.95 provide a clear indication of the Legislature's intent. . . . [S]ubdivision (b)(2) directs the court in considering the facial sufficiency of the petition to access readily ascertainable information. The same material that may be evaluated under subdivision (b)(2)—that is, documents in the court

7

file or otherwise part of the record of conviction that are readily ascertainable—should similarly be available to the court in connection with the first prima facie determination required by subdivision (c)." (*Verdugo*, at p. 329.) The court further held that the superior court should examine not only "the complaint, information or indictment filed against the petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment," but also any "court of appeal opinion, whether or not published, [because it] is part of the [defendant's] record of conviction." (*Id.* at pp. 329-330, 333.) In *Lewis*, the court looked to "analogous situations" in which trial courts are tasked with a preliminary evaluation of prima facie eligibility for relief and noted that trial courts in those settings "are permitted to consider their own files and the record of conviction." (*Lewis, supra*, 43 Cal.App.5th at pp. 1137-1138, rev. granted, citing, e.g., *People v. Washington* (2018) 23 Cal.App.5th 948, 953 [courts conducting initial screening of petition for reclassification of qualifying felony convictions under § 1170.18 may review record of conviction]; *In re Serrano* (1995) 10 Cal.4th 447, 456 [trial court may summarily deny habeas corpus petition based on facts in its file]; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, 109.)

As the trial court discussed, defendant was ineligible for relief because he had not been convicted of felony murder or murder under a theory of natural and probable consequences: "The only theory of first degree murder upon which the jury was instructed was that of a 'willful, deliberate and premeditated killing with express malice aforethought,' and that instruction included specific language specifying that to find guilt of first degree murder the jury must find that defendant [] has a 'clear, deliberate intent . . . to kill.' " No instruction was given on either felony murder or the natural and probable consequences doctrine. Defendant was therefore ineligible for relief under section 1170.95, which applies only to those "convicted of felony murder or murder under a natural and probable consequences theory." (§ 1170.95, subd. (a).)

8

Defendant alternatively argues that the trial court's summary denial of his petition violated his federal constitutional right to counsel under the Sixth Amendment. However, defendant had no constitutional right to counsel at this stage of a section 1170.95 proceeding. This provision's retroactive relief reflects an act of lenity by the Legislature and is not subject to Sixth Amendment analysis. (Cf. *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156 [no right to jury trial in proceedings under Bill 1437 because its retroactive relief is "an act of lenity that does not implicate defendants' Sixth Amendment rights"].)

Finally, defendant claims the summary denial of his petition violated his procedural due process rights because it deprived him of procedures to which he was entitled under section 1170.95. As discussed, however, the trial court's summary denial of appellant's petition complied with section 1170.95's procedures. Defendant has therefore suffered no due process violation.

## C. Harmless Error

There is no disagreement that had the trial court determined defendant made the required prima facie showing, it would have then been required to appoint counsel for him. (See § 1170.95, subd. (c).) Defendant's argument is thus that after receiving his petition, the trial court should have appointed counsel and deferred ruling on the petition until the government had filed a response, and defendant—with the assistance of counsel—a reply. But defendant has not offered any explanation for how the assistance of counsel in drafting a reply brief could have produced a different result.

Defendant's bare petition does not support a prima facie showing that he falls within the provisions of section 1170.95. Further, as summarized by the trial court, his record of conviction precludes it. (See *Verdugo, supra*, 44 Cal.App.5th at pp. 329-330, rev. granted.) The trial court properly determined that defendant's record of conviction showed he did not fall within the provisions of section 1170.95 because "[t]he only theory of first degree murder upon which the jury was instructed was that of a 'willful,

9

deliberate and premeditated killing with express malice aforethought,' and that instruction included specific language specifying that to find guilt of first degree murder the jury must find that defendant [] has a 'clear, deliberate intent . . . to kill.' " Even with the benefit of counsel appointed to represent him in this appeal, defendant is patently ineligible for relief under the statute.

Under these circumstances, even assuming appointment of counsel was required, the trial court's failure to do so was harmless beyond a reasonable doubt. (See *People v. Cornelius, supra*, 44 Cal.App.5th at p. 58, rev. granted [rejecting contention that trial court erred in ruling on § 1170.95 petition before appointing counsel where petitioner was "indisputably ineligible for relief"].)

## DISPOSITION

The judgment (order) denying the petition is affirmed.


/s/

RAYE, P. J.

We concur:


/s/

HULL, J.


/s/

MURRAY, J.

10