Filed 5/3/21  P. v. Lampkin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>LEON LAMPKIN, JR.,<br><br>　　　　Defendant and Appellant. | C089258<br><br>(Super. Ct. No. CRF990000320) |

A jury convicted defendant Leon Lampkin, Jr., of the first degree murders of Alejandro and Leoncio Jimenez, first degree burglary, attempted robbery, and possession of a short-barrel shotgun.  The jury found true various firearm enhancement allegations

1

and Penal Code section 190.2[1] special circumstances allegations, but found that defendant did not intentionally and personally discharge a firearm during the commission of the crimes. This court affirmed the convictions in 2002 but remanded the matter for resentencing on the determinate terms. (*People v. Lampkin* (March 20, 2002, C034676) [nonpub. opn.], pp. 25-26 (*Lampkin*).) Defendant was resentenced in 2002. About 16 and a half years later, defendant filed a petition for resentencing under section 1170.95 and requested the appointment of counsel. The trial court denied the petition because it determined defendant was ineligible for resentencing as a matter of law.

Defendant now contends (1) the trial court failed to comply with section 1170.95, subdivision (c) because it denied his petition without appointing counsel for him and allowing the parties to file briefs; and (2) the trial court's order violated his constitutional rights to due process and the assistance of counsel.

Finding no error by the trial court, we will affirm the order denying defendant's petition for resentencing.

BACKGROUND

We treated defendant's motion to augment the record on appeal as a motion to incorporate by reference the record in defendant's prior appeal and granted the motion. The record shows the following.

The People charged Michael Owens and defendant with the murders of Alejandro and Leoncio Jimenez. In an amended information, the People charged defendant with first degree murder (§ 187-- counts I and II), first degree burglary (§ 459 -- count III), attempted robbery (§§ 664, 211 -- counts IV and V), and possession of a short-barrel shotgun (§ 12020, subd. (a) -- count VI). The amended information included multiple

---

[1] Undesignated statutory references are to the Penal Code.

2

special circumstances and firearm enhancement allegations (§§ 190.2, subds. (a)(3), (a)(17)(A) & (a)(17)(G), 12022.53, subds. (b) & (c), 12022.5, subd. (a)(1)).

The trial court instructed the jury on felony murder.  With regard to the section 190.2 special circumstances allegations, it instructed that if the jury found defendant guilty of murder in the first degree, the jury must then make findings on the special circumstances allegations that (1) the murders were committed while defendant was engaged in, or was an accomplice in, the commission or attempted commission of robbery; (2) the murders were committed while defendant was engaged in, or was an accomplice in, the commission or attempted commission of burglary; and (3) defendant was convicted of more than one offense of murder in the first or second degree.  The trial court further instructed:  "If you find that a defendant was not the actual killer of a human being or a co-conspirator, you cannot find the special circumstance to be true as to that defendant unless you are satisfied beyond a reasonable doubt that such defendant with intent to kill or with reckless indifference to human life and as a major participant assisted in the commission of the crime of attempted robbery or first degree burglary which resulted in the death of a human being.  [¶]  A defendant acts with reckless indifference to human life when that defendant knows or is aware that his acts involve a grave risk of death to an innocent human being."  The trial court did not instruct on the natural and probable consequences doctrine of aiding and abetting.

The jury convicted defendant on all counts.  It found true the firearm enhancement and special circumstances allegations, except for the allegation that defendant intentionally and personally discharged a firearm during the commission of the crimes. The trial court sentenced defendant to state prison for two consecutive terms of life without the possibility of parole, plus a determinate term of 37 years.

On appeal, this court remanded the matter with directions to resentence defendant on the determinate terms but affirmed the convictions and sentence in all other respects. (*Lampkin, supra*, C034676, at pp. 25-26)  The trial court resentenced defendant to two

3

consecutive terms of life without the possibility of parole, plus two consecutive 10-year terms for the section 12022.53, subdivision (b) firearm enhancements.

Defendant subsequently filed a petition for resentencing pursuant to section 1170.95. He averred that (1) a complaint or information was filed against him that allowed the prosecution to proceed under the felony murder rule or the natural and probable consequences doctrine; (2) at trial, he was convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine; (3) he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189 effective January 1, 2019; and (4) he was not the actual killer; did not, with intent to kill, aid or abet the actual killer in the commission of murder in the first degree; and was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime. Defendant asked the trial court to appoint counsel for him.

The trial court summarily denied the petition because the jury had been instructed that to find the special circumstances allegations true it must be satisfied beyond a reasonable doubt that defendant with intent to kill or reckless indifference to human life and as a major participant assisted in the commission of the crime of attempted robbery or first degree burglary which resulted in the death of a human being, and the jury found the special circumstances allegation true.

## DISCUSSION

### I

Defendant contends the trial court failed to comply with section 1170.95, subdivision (c) because it denied his petition without appointing counsel for him and allowing the parties to file briefs.

### A

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, restricted the application of the felony-murder rule, as applied to

4

murder, by amending section 189.[2] (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 248-249.) Prior to the enactment of Senate Bill No. 1437, "a defendant could be convicted of murder ' " 'when the defendant or an accomplice kill[ed] someone during the commission, or attempted commission, of an inherently dangerous felony . . . .' " ' [Citation.] . . . '[F]elony-murder liability d[id] not require an intent to kill, or even implied malice, but merely an intent to commit the underlying felony.' [Citation.]" (*Lee, supra,* 49 Cal.App.5th at p. 261, fn. omitted, review granted.) Senate Bill No. 1437 added section 189, subdivision (e) to now provide that "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added section 1170.95, "which permits an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and to be resentenced on any remaining counts if he or she could not have been convicted of first or second degree murder because of Senate Bill [No.] 1437's changes to sections 188 and 189." (*People v.*

---

**2** Senate Bill No. 1437 also eliminated liability for murder under the natural and probable consequences doctrine. (*People v. Lee* (2020) 49 Cal.App.5th 254, 262, review granted July 15, 2020, S262459 (*Lee*); *People v. Offley* (2020) 48 Cal.App.5th 588, 595.) But we do not discuss the natural and probable consequences doctrine of aiding and abetting liability because the trial court did not instruct the jury on that doctrine. The prosecutor relied on the felony-murder rule in his closing argument to the jury.

*Verdugo* (2020) 44 Cal.App.5th 320, 326, review granted March 18, 2020, S260493 (*Verdugo*).)

Section 1170.95, subdivisions (b) and (c) create a three-step review. (*People v. Perez* (2020) 54 Cal.App.5th 896, 903, review granted December 9, 2020, S265254; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 897, review granted August 12, 2020, S263219 (*Tarkington*); *People v. Drayton* (2020) 47 Cal.App.5th 965, 974-981 (*Drayton*); *People v. Torres* (2020) 46 Cal.App.5th 1168, 1177-1178, review granted June 24, 2020, S262011 (*Torres*); *Verdugo, supra,* 44 Cal.App.5th at pp. 327-330, review granted; contra *People v. Cooper* (2020) 54 Cal.App.5th 106, 118-123, review granted November 10, 2020, S264684 (*Cooper*).) First, the trial court determines whether the petition is facially sufficient under section 1170.95, subdivision (b). (*Verdugo,* at pp. 327-328.) To do this, the trial court verifies that the petition contains the information required under section 1170.95, subdivision (b)(1), and supplies any missing information that can be readily ascertained from the record of conviction. (*Verdugo,* at pp. 328-330.) Section 1170.95, subdivision (b)(1) requires the following information: "(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] [And] (C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1).) If any of the required information "is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

If the petition is facially sufficient, then, in the second step, the trial court determines under section 1170.95, subdivision (c) whether the petitioner has made "a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) To make this prima facie showing, the petitioner must

6

demonstrate the following: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] [And] (3) The petitioner could not be convicted of first or second degree murder because of changes to section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

The Court of Appeal for the Second District, Division 7, has described the second-step inquiry as "a preliminary review of statutory eligibility for resentencing, a concept that is a well-established part of the resentencing process under Propositions 36 and 47." (*Verdugo, supra,* 44 Cal.App.5th at p. 329, review granted.) "The court's role at this stage is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner." (*Ibid.*) In making this inquiry, the trial court may again examine "readily available portions of the record of conviction," including "at least," the "complaint, information or indictment filed against the petitioner; the verdict form or factual basis for a negotiated plea; and the abstract of judgment." (*Id.* at pp. 323, 329-330.) The trial court may also consider jury instructions and any appellate opinion in the case. (*Id.* at pp. 333-336.)

If the trial court determines that the petitioner has made a prima facie showing that he or she falls within the provisions of section 1170.95, the evaluation of the petition proceeds to the third step, a "second prima facie review," in which "the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo, supra,* 44 Cal.App.5th at pp. 328, 330, review granted.) In this second prima facie review, the trial court must take the petitioner's factual

7

allegations as true and make a preliminary assessment whether he or she would be entitled to relief if they were proved. (*Id.* at p. 328; see also *Drayton, supra,* 47 Cal.App.5th at p. 980.)

"If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95[, subdivision ](a), then the trial court should issue an order to show cause. [Citation.] Once the trial court issues the order to show cause under section 1170.95[, subdivision ](c), it must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, [subdivision] (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. [Citation.] Notably, following the issuance of an order to show cause, the burden of proof will shift to the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Drayton, supra,* 47 Cal.App.5th at pp. 980-981.) Both the prosecution and the defense may rely on the record of conviction or may offer new or additional evidence. (§ 1170.95, subd. (d)(3).)

B

In *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1135, review granted March 18, 2020, S260598 (*Lewis*), the California Supreme Court is currently considering when the right to appointed counsel arises under section 1170.95, subdivision (c). Meanwhile, we conclude that section 1170.95, subdivision (c) does not require the trial court to appoint counsel for the petitioner unless and until the trial court determines that the petitioner falls within the provisions of section 1170.95 and the petitioner has requested counsel. (*Tarkington, supra*, 49 Cal.App.5th at pp. 899-902, review granted; *Verdugo, supra*, 44 Cal.App.5th at p. 323, review granted; *Lewis,* at p. 1140; contra *Cooper, supra,* 54 Cal.App.5th at p. 123, review granted.) Following the analysis of section 1170.95, subdivision (c) in *Lewis* and *Verdugo*, the filing of briefs by the prosecutor and the petitioner also occurs after the trial court has determined that the petitioner falls within

8

the provisions of section 1170.95. (§ 1170.95, subd. (c).) We conclude there was no error in this case because the trial court determined at the second-step inquiry that defendant did not fall within the provisions of section 1170.95.

Based on the special circumstances instruction to the jury and the jury's special circumstances findings, the trial court concluded that defendant was ineligible for resentencing under section 1170.95 and denied the petition. Defendant urges that section 1170.95 does not permit a review of the record during the prima facie determination under subdivision (c). Whether a trial court may consider the record of conviction in the second step of review is also before the California Supreme Court in *Lewis, supra*, 43 Cal.App.5th 1128, S260598. Pending guidance from our Supreme Court, we agree with the courts that have held it is proper for a trial court to consider the record of conviction, including instructions to the jury and the jury's verdicts, in determining whether the petitioner has made a prima facie showing that he or she falls within the provisions of section 1170.95. (*Tarkington, supra*, 49 Cal.App.5th at pp. 908-909, review granted; *Lee, supra*, 49 Cal.App.5th at pp. 262-263, review granted; *People v. Law* (2020) 48 Cal.App.5th 811, 820-821, review granted July 8, 2020, S262490; *People v. Edwards* (2020) 48 Cal.App.5th 666, 673-674, review granted July 8, 2020, S262481; *Torres, supra*, 46 Cal.App.5th at pp. 1177-1178, review granted; *Verdugo, supra*, 44 Cal.App.5th at pp. 329-330, review granted; *Lewis,* at pp. 1137-1138, review granted.) Defendant fails to demonstrate error by the trial court.

## II

Defendant also contends the trial court's ruling violated his constitutional rights to due process and the assistance of counsel. We disagree.

"A criminal defendant has a constitutional right to counsel at all critical stages of a criminal prosecution, including sentencing." (*People v. Doolin* (2009) 45 Cal.4th 390, 453.) " ' "The determination whether the hearing is a 'critical stage' requiring the provision of counsel depends . . . upon an analysis 'whether potential substantial

9

prejudice to defendant's rights inheres in the [particular] confrontation and the ability of counsel to help avoid that prejudice.' " [Citation.]' [Citation.] ' "[T]he essence of a 'critical stage' is . . . the adversary nature of the proceeding, combined with the possibility that a defendant will be prejudiced in some significant way by the absence of counsel." ' " (*People v. Rouse* (2016) 245 Cal.App.4th 292, 297 (*Rouse*).)

Defendant relies primarily on *Rouse* for his constitutional argument. In *Rouse*, the court held that a defendant being resentenced under Proposition 47 is entitled to counsel because the resentencing is a critical stage in the adversarial proceedings. However, the court emphasized: "To be clear, we conclude the right attaches only at the resentencing stage. Whether the right to counsel attaches at an earlier stage of the petition, including the eligibility phase, was not before us and we therefore express no opinion on that issue." (*Rouse, supra*, 245 Cal.App.4th at p. 301; see also *People v. Washington* (2018) 23 Cal.App.5th 948, 957 [indicating right to counsel attaches at evidentiary hearing under Proposition 47].) Unlike the petitioner in *Rouse*, defendant did not pass the eligibility stage.

The trial court's role at step two of the section 1170.95 inquiry "is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner." (*Verdugo, supra*, 44 Cal.App.5th at p. 329, review granted.) Because all factual inferences are drawn in favor of defendant, defendant is not brought into confrontation with the state at step two, and appointment of counsel is not required at that step. (See *Lewis, supra*, 43 Cal.App.5th at p. 1138, review granted.) The authorities defendant cites do not hold that there is a constitutional right to appointed counsel in circumstances analogous to the second step under section 1170.95, nor do they support a due process claim in the present circumstances. Because section 1170.95, subdivision (c) does not require the trial court to appoint counsel for defendant at the second step review, there can be no expectation of receiving a right or benefit that could give rise to a claim of denial of due process.

10

DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

|  |
|---|
| /S/ |
| MAURO, J. |

We concur:

|  |
|---|
| /S/ |
| BLEASE, Acting P. J. |

|  |
|---|
| /S/ |
| HULL, J. |