Filed 4/21/22  P. v. Helmuth CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B314271 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA003213) |
| v. | |
| SHAWN DARYL HELMUTH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Douglas Sortino, Judge.  Reversed and remanded with directions.

Jennevee H. de Guzman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Chung L. Mar and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Shawn Helmuth petitioned the trial court under Proposition 47, the Safe Neighborhood and Schools Act, for an order reclassifying a conviction for vehicle theft from a felony to a misdemeanor because, the petition alleged, the vehicle was worth less than $950. Based on the fact that there was no evidence in the petition (other than Helmuth's assertion) about the value of the stolen vehicle and its own guess about the value of the vehicle at the time Helmuth stole it, the trial court denied Helmuth's petition.

Helmuth contends, and the People agree, that the trial court erred when it denied Helmuth's petition without allowing Helmuth to produce evidence regarding the value of the vehicle. We agree, and will reverse the trial court's order and remand for further proceedings.

## BACKGROUND

Among a series of crimes Helmuth committed between February 17 and February 22, 1990, Helmuth pleaded guilty on June 28, 1990 to unlawful driving or taking of a vehicle in violation of Vehicle Code section 10851. The Vehicle Code section 10851 charge was count 8 of an eight-count complaint. Helmuth pleaded guilty to all eight counts, admitted he had used a knife in connection with seven of the eight counts, and had been convicted of two prior serious felonies for purposes of Penal Code section 667, subdivision (a).[1] The trial court sentenced Helmuth to a total of 15 years in prison based on the guilty plea.

On June 2, 2021, Helmuth petitioned the trial court under section 1170.18 for an order reclassifying his Vehicle Code

---

[1] Further statutory references are to the Penal Code.

conviction from a felony to a misdemeanor. At a hearing on July 1, 2021, the trial court denied Helmuth's petition. At the hearing, the trial court explained that the "claim is that the vehicle [Helmuth] stole was less than $950." The trial court had reviewed the record, and concluded that "[t]here is no evidence of the value of the vehicle except [Helmuth's] assertion [in his section 1170.18 petition] it was worth less than $950, and therefore, he should receive the benefit of a reduction under Proposition 47." The trial court's memory of the record included a gang enhancement and a conviction for a "gang motivated robbery with a gun."

The trial court further explained its rationale: "I reviewed the motion, and the only evidence that the value of the vehicle subject of the [Vehicle Code section] 10851 [conviction] was less than [$]950 is that he basically asserts the vehicle was less than [$]950. I've looked at the complaint, the allegation. The crime is alleged to have occurred February 17 of 1990. The vehicle which is the subject of count 8 is a 1982 Oldsmobile. At the time it would only have been eight years old. And if it was a running vehicle and half way decent condition, it would seem to me an eight-year-old car would be worth more than $950. [¶] I don't think [Helmuth has] established by the requisite burden of proof that the vehicle involved is less than $950, given the date of the offense and the age of the vehicle at the time, so the court will deny the petition to reduce to a misdemeanor under Proposition 47. The defendant has not established the value of the vehicle to be less than $950, and I believe it's his burden of proof to do so. The motion is denied."

Helmuth filed a timely notice of appeal.

## DISCUSSION

Helmuth contends, and the People agree, that the trial court erred when it denied Helmuth's section 1170.18 petition based on a contested fact without first holding an evidentiary hearing. (See *People v. Washington* (2018) 23 Cal.App.5th 948, 957 (*Washington*).) We agree with the parties.

"In November 2014, the voters passed Proposition 47," which " 'reduced most possessory drug offenses and thefts of property valued at $950 or less to straight misdemeanors.' " (*Washington, supra*, 23 Cal.App.5th at p. 952.) "Under Proposition 47, a person who has completed his or her sentence for a qualifying conviction may file an application to have the felony conviction designated as a misdemeanor." (*Id.* at p. 953.) " 'An applicant is entitled to relief if he or she has committed a qualified crime and has no disqualifying prior conviction and is not required to register as a sex offender. [Citation.] The screening of the application will be based on the court's file, including the petitioner's record of convictions. . . . The initial screening must be limited to a determination of whether the applicant has presented a *prima facie* basis for relief under section 1170.18. At this level of review, the court should not consider any factual issues such as the value of any property taken regarding any qualified theft crimes.' [Citation.]

"However, when eligibility for reclassification 'turn[s] on facts that are not established by either the uncontested petition or the record of conviction . . . an evidentiary hearing may be "required if, after considering the verified petition, the return, any denial, any affidavits or declarations under penalty of perjury, and matters of which judicial notice may be taken, the court finds there is a reasonable likelihood that the petitioner

4

may be entitled to relief and the petitioner's entitlement to relief depends on the resolution of a fact." ' " (*Washington*, *supra*, 23 Cal.App.5th at pp. 953-954.)

"A person convicted before Proposition 47's passage for vehicle theft under Vehicle Code section 10851 may . . . be resentenced under section 1170.18 if the person can show the vehicle was worth $950 or less." (*People v. Page* (2017) 3 Cal.5th 1175, 1180.)

Helmuth contends that his petition was sufficient to establish a prima facie basis for reclassification under section 1170.18, and the People agree. The parties also agree that at the point at which the trial court denied Helmuth's petition, Helmuth had met his prima facie burden.

*Washington* laid out the process the trial court should follow: " '[T]he initial screening' of a Proposition 47 petition . . . 'must be limited to a determination of whether the petitioner has presented a *prima facie* basis for relief under section 1170.18.' [Citation.] This initial screening is based on a review of the petition itself, generally prepared by the petitioner in propria persona, as well as the record of conviction. [Citation.] If the court finds, based on the petition and its review of the record, that there is a prima facie basis for relief, the court should then hold 'a full qualification hearing at which any additional evidence may be received on the issue of eligibility.' " (*Washington*, *supra*, 23 Cal.App.5th at p. 955.) "Once a petitioner has met his initial burden of eligibility, the prosecution is allowed 'the opportunity to oppose the petition by attempting to establish that the petitioning defendant is *ineligible*' for the requested relief." (*Id.* at p. 957.)

"If the prosecution chooses to oppose a Proposition 47 petition on the ground the value of the stolen property exceeds $950, and this fact is not established by the record of the initial plea or conviction, *the superior court should then hold an evidentiary hearing at which the value of the property taken may be considered.* [Citations.] At that stage, it is likely that a petitioner will be afforded counsel who can ably present evidence on the disputed factual issues." (*Washington, supra*, 23 Cal.App.5th at p. 957, italics added.)

*Washington* established that "a petitioner's statement that the value of the stolen property did not exceed $950 is sufficient to meet his prima facie burden under Proposition 47 with respect to the value of the stolen goods in question." (*Washington, supra*, 23 Cal.App.5th at p. 957.)

It is evident from the record in this case that the trial court based its denial of Helmuth's section 1170.18 petition on its own speculative calculation of the value of the vehicle Helmuth stole in 1990. The trial court's remarks on the record indicate, and we agree, that the record contains no evidence that would reveal the vehicle's actual value. Indeed, the only information in the record about the vehicle's value is Helmuth's statement in his petition that it was worth less than $950.

*Washington* instructs us that Helmuth's statement is sufficient to meet his initial burden about the value of the stolen vehicle under section 1170.18. (See *Washington, supra*, 23 Cal.App.5th at p. 957.) Accordingly, we will reverse the trial court's order and remand the matter to the trial court to conduct further proceedings.

**DISPOSITION**

The trial court's order is reversed. On remand, the trial court will conduct further proceedings consistent with this opinion and the procedures outlined in *People v. Washington* (2018) 23 Cal.App.5th 948.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

VOGEL, J.*

---

*  * Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7