Filed 9/29/21  P. v. Chaidez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT CHRISTIAN CHAIDEZ,<br><br>    Defendant and Appellant. | D078489<br><br><br><br>(Super. Ct. No. SCD181666) |


APPEAL from an order of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Reversed and remanded.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting, Anthony Da Silva and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Robert Christian Chaidez was convicted by a jury in 2006 on several counts, including receiving stolen property in violation of Penal Code

section 496, subdivision (a),[1] a felony. Chaidez was sentenced to 60 years to life in prison.

On appeal, Chaidez challenges the trial court's summary denial of his Proposition 47 petition to reduce his conviction for receiving stolen property from a felony to a misdemeanor. (§ 1170.18, subd. (a).) In the petition, Chaidez had alleged the stolen necklace underlying this count was valued at less than $950, a claim he supported by referring to the victim's itemized list submitted by the prosecution at the restitution hearing. The Attorney General concedes the trial court's summary denial was error because Chaidez met his prima facie burden of establishing his eligibility for relief under Proposition 47. We agree. We therefore reverse the order and remand for further proceedings on Chaidez's petition.

FACTUAL AND PROCEDURAL BACKGROUND[2]

Chaidez was arrested on April 24, 2004, after police received a call of a prowler suspect who had abandoned a Honda Civic and fled the area on foot. It was later determined that Chaidez stole items from multiple homes and also stole the Honda Civic. In the vehicle, officers found property and identification belonging to two victims. When Chaidez was booked into jail, additional items were found on his person, including a necklace belonging to a third victim. Additional property was found in a parking lot behind one of the residences.

A jury convicted Chaidez on two counts of violating Penal Code sections 459, 460, and 667.5, subdivision (c)(21), residential burglary while another person, other than an accomplice, was present, a felony; one count of

---

[1] Further unspecified statutory references are to the Penal Code.

[2] These facts are taken from Chaidez's probation report.

violating Penal Code section 496, subdivision (a), receiving stolen property, a felony; and one count of violating Vehicle Code section 10851, subdivision (a), unlawful driving and taking a vehicle, a felony. The jury also found true three prison priors (Pen. Code, §§ 667.5, subd. (b) & 668), two serious felony priors (§§ 667, subd. (a)(1), 668, & 1192.7, subd. (c)), and two strike priors (§§ 667, subds. (b)-(i), 1170.12, & 668). The trial court sentenced Chaidez to 60 years to life in prison.

At a restitution hearing in 2008, the trial court ordered Chaidez to pay restitution in the amount of $1,240. The minute order did not itemize the value of the stolen property, but it did reference the prosecution's list of items for which restitution was requested. That list included the stolen necklace underlying the conviction for receiving stolen property. This court upheld the conviction and sentence on appeal. (*People v. Chaidez* (Sept. 10, 2008, D049656) [nonpub. opn.].)

Chaidez attempted to have his sentence reduced by filing a variety of motions and petitions. Relevant here, in December 2014, Chaidez filed a petition for resentencing under Proposition 47. In January 2016, the trial court denied the petition on the ground that the residential burglary convictions were ineligible for resentencing. On appeal, we concluded that the convictions for receiving stolen property (Pen. Code, § 496) and unlawfully taking and driving a motor vehicle (Veh. Code, § 10851) may be eligible for resentencing under Proposition 47. (*People v. Chaidez* (Oct. 23, 2017, D070609) [nonpub. opn.] (*Chaidez*).) However, we affirmed the court's order denying the petition for resentencing because Chaidez failed to allege that the property taken was worth less than $950 and failed to state facts sufficient to establish his entitlement to relief. (*Ibid.*) During the prior appeal, both sides acknowledged Chaidez could file another petition—

3

supported by sufficient proof of value—to attempt to demonstrate his eligibility for relief under Proposition 47.[3]

Nearly three years after the prior appeal, Chaidez filed a second Proposition 47 petition to reduce his sentence as to his conviction for receiving stolen property. This time, he specifically alleged the value of the stolen necklace was less than $950, referencing the prosecution's itemized restitution statement submitted at the restitution hearing.

In a November 2020 order, the trial court addressed other pending resentencing petitions filed by Chaidez, but it did not explicitly address or deny his Proposition 47 petition. Chaidez filed a motion to reconsider his Proposition 47 petition. The trial court denied his request, stating that his Proposition 47 petition had "previously been addressed and decided." The trial court did not explain when or how the petition had purportedly been resolved. Chaidez appeals the trial court's order denying his Proposition 47 petition.

DISCUSSION

"On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (hereafter Proposition 47), which went into effect the next day." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id.* at p. 1091.) Proposition 47 created a resentencing

_____

[3]    We take judicial notice of our own files, which include the briefing on appeal in *Chaidez*, *supra*, D070609. (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).)

4

provision, codified as section 1170.18, which provides that a person currently serving a sentence for certain designated felonies may petition the trial court to recall the sentence and reduce the felony to a misdemeanor. (*Rivera*, at p. 1092; see § 1170.18, subd. (a).)[4] "If the trial court finds that the person meets the criteria of subdivision (a), it must recall the sentence and resentence the person to a misdemeanor, 'unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*People v. Morales* (2016) 63 Cal.4th 399, 404.)

Section 496, subdivision (a), as amended by Proposition 47, provides in part: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year . . . ."

---

[4]     Section 1170.18, subdivision (a) provides: "A person who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ."

Based on these statutes, Chaidez filed his second Proposition 47 petition alleging that the value of the stolen necklace was less than $950—a claim he supported by referring to the prosecution's itemized statement submitted at the restitution hearing.[5]  Chaidez contends the trial court erred in summarily denying his petition even though he made a prima facie showing of entitlement to relief.  The Attorney General concedes the trial court erred, and we agree.

"A defendant seeking resentencing under section 1170.18 bears the burden of establishing his or her eligibility, including by providing in the petition a statement of personally known facts necessary to eligibility." (*Page*, *supra*, 3 Cal.5th at p. 1188.)  The defendant "must demonstrate eligibility by a preponderance of the evidence."  (*People v. Zorich* (2020) 55 Cal.App.5th 881, 886 (*Zorich*).)  On appeal, "[w]e review a '[superior] court's legal conclusions de novo and its findings of fact for substantial evidence.' "  (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136 (*Perkins*).)

Courts have described the level of specificity required to demonstrate eligibility for resentencing under Proposition 47 in different ways.  In *Perkins*, the Court of Appeal held that the defendant must provide specific evidence of eligibility:  a "defendant should describe the stolen property and

---

[5]  Although our prior decision did not expressly state that we were affirming without prejudice to Chaidez's ability to file a subsequent petition for resentencing under Proposition 47 (cf. *People v. Johnson* (2016) 1 Cal.App.5th 953, 970-971), we nonetheless conclude Chaidez was not barred from filing his subsequent petition under the circumstances of this case.  As indicated, in the prior appeal, both parties stated that Chaidez would be able to file another petition alleging sufficient facts to support the claim that his offense can be redesignated.  In addition, our Supreme Court subsequently recognized that petitioners like Chaidez should be given such an opportunity.  (*People v. Page* (2017) 3 Cal.5th 1175, 1180 (*Page*).)

6

attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing he is eligible for relief." (*Perkins*, *supra*, 244 Cal.App.4th at p. 140.) The *Perkins* court held that defendant's bare assertion of value in a form petition was insufficient to establish his eligibility, because there was no factual basis for the assertion. (See *id*. at p. 137 [noting defendant "asserted he was convicted for receipt of stolen property and that the value of the property did not exceed $950, " but he did not indicate anywhere on the form the factual basis of his claim"].) *Perkins* was decided prior to *Page*, where our Supreme Court held that an application "should *allege* and, *where possible*, provide evidence of the facts necessary to eligibility for resentencing under section 1170.18." (*Page*, *supra*, 3 Cal.5th at p. 1189, italics added.) After *Page* was decided, the Court of Appeal in *People v. Washington* (2018) 23 Cal.App.5th 948 (*Washington*) rejected the Attorney General's argument that the defendant failed to meet his prima facie burden of showing that the value of the stolen property was less than $950, because he failed to submit a declaration, court documents, or record citations regarding the value of the stolen property. (*Id*. at pp. 954-955.) "Stated another way, [the Attorney General] [was] arguing that, in order for a petitioner to meet his prima facie burden of showing entitlement to Proposition 47 relief, he must provide additional evidence beyond his own statement about the value of the stolen property." (*Id*. at p. 955.) The Court of Appeal instead agreed with the petitioner who took "the position that he met his initial burden by affirmatively stating that the value of the stolen property was $450." (*Ibid*.)

Chaidez's petition meets the standard articulated in *Page*, which is binding. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Even assuming there is a material difference between the eligibility

7

standard articulated in *Perkins* and *Washington*, Chaidez's petition is sufficient under either approach. Chaidez attested under penalty of perjury that the value of the stolen necklace did not exceed $950, *and* he offered evidence to support his claim. Specifically, he referenced the victim's itemized list valuing the stolen necklace at $750. We granted Chaidez's request on appeal to augment the record with this document, which was introduced as an exhibit in the trial court and used to support the court's restitution order. (See *Zorich, supra,* 55 Cal.App.5th at p. 888 [documents that "were either exhibits at trial or otherwise in the original trial court record" are "part of the record of conviction" and "among the types of relevant evidence for the court to consider when reviewing Proposition 47 petitions"].) Based on this record, it appears Chaidez has made a prima facie showing that the value of the stolen property at issue was no more than $950.

We recognize that Chaidez alleged the necklace was valued at $150, whereas the exhibit used during the restitution hearing identifies a value of $750. This discrepancy does not support the trial court's summary denial of Chaidez's petition. As the *Washington* court explained, "[i]f the prosecution chooses to oppose a Proposition 47 petition on the ground the value of the stolen property exceeds $950, and this fact is not established by the record of the initial plea or conviction, the superior court should then hold an evidentiary hearing at which the value of the property taken may be considered." (*Washington, supra,* 23 Cal.App.5th at p. 957; see *Zorich, supra,* 55 Cal.App.5th at p. 887 ["the evidence a defendant must present to meet the preponderance of the evidence standard may be cobbled together from whatever is available, based on the facts of the underlying case"].)

Finally, although the trial court indicated that Chaidez's Proposition 47 petition had "previously been addressed and decided," the record does not

8

support this conclusion. The trial court did not address the Proposition 47 petition in its November 2020 order. To the extent the trial court was referring to the denial of Chaidez's prior petition that was affirmed by our decision in *Chaidez, supra*, D070609, the Attorney General correctly concedes this does not "take into account the fact that, as opposed to his 2014 petition, appellant actually alleged a value for the stolen necklace in the current petition and appeared to point to restitution filings that supported his claim." On remand, the trial court should "consider the petition along with the record of conviction. Should [Chaidez's] eligibility for reclassification turn on facts that are not established by the uncontested petition or record of conviction, the trial court should hold an evidentiary hearing on the matter." (*Washington, supra*, 23 Cal.App.5th at p. 957; see *People v. Romanowski* (2017) 2 Cal.5th 903, 916 [evidentiary hearing "may be 'required if . . . there is a reasonable likelihood that the petitioner may be entitled to relief and the petitioner's entitlement to relief depends on the resolution of an issue of fact.' "].)

DISPOSITION

The trial court's order denying Chaidez's Proposition 47 petition is reversed and the matter is remanded for further proceedings to determine whether Chaidez is entitled to relief under Proposition 47.


GUERRERO, J.

WE CONCUR:


McCONNELL, P. J.


HALLER, J.