Filed 5/11/22  P. v. Johnston CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C093257 |
| Plaintiff and Respondent, | (Super. Ct. No. 32996) |
| v. | |
| TYLER RICHARD JOHNSTON, | |
| Defendant and Appellant. | |

Defendant Tyler Richard Johnston appeals from the postjudgment denial of his application to designate as a misdemeanor his 37-year-old felony conviction for taking a vehicle without the consent of the owner.  The People argue that defendant failed to submit evidence with his initial filing proving that his conviction is eligible for designation as a misdemeanor.  Finding defendant sufficiently alleged eligibility for relief, we will reverse the trial court's order and remand for further proceedings.

1

## I. BACKGROUND

The record from defendant's past felony conviction is incomplete, but the July 22, 1985 sentencing minutes indicate the trial court convicted defendant of theft of a motor vehicle in violation of Vehicle Code section 10851. The felony complaint charged defendant with both driving and taking a 1967 Ford Mustang. The trial court sentenced defendant to 180 days in county jail; imposed a three-year term of probation, a fine of $750, and a penalty of $375; ordered defendant to pay $2,374.88 as restitution to the owner of the stolen car; and imposed and stayed a restitution fine of $2,374.88. Defendant appears to have completed his term of probation in 1988.

In July 2020, defendant submitted to the trial court a form application seeking to redesignate his conviction as a misdemeanor pursuant to Penal Code section 1170.18, subdivisions (f) and (g).[1] Defendant asserted that his felony offense has now been reclassified as a misdemeanor, that he has no disqualifying prior convictions, and that he has completed his sentence for the eligible felony conviction.

In response to the trial court's request for the People's position, the People opposed the application based on the argument that defendant had a disqualifying prior conviction.[2] The trial court then summarily denied defendant's application. This appeal followed.[3]

---

[1] Undesignated statutory references are to the Penal Code.

[2] To the extent defendant argues that the trial court implicitly found that defendant had met his burden of proving eligibility for redesignation of his past felony conviction by asking for the People's position, the record does not support his contention.

[3] To the extent that the notice of appeal was filed prematurely, the trial court and the parties have all proceeded as if the notice was timely, so we treat it as having been filed immediately after the ensuing court order. (Cal. Rules of Court, rule 8.308(c).)

## II. DISCUSSION

This case requires us to determine whether an applicant seeking redesignation of a past felony conviction pursuant to section 1170.18, subdivisions (f) and (g) must present evidence proving his eligibility for relief with his initial filing. Defendant contends the record of his prior conviction establishes his eligibility for redesignation and the People failed to offer evidence to rebut this showing. The People argue we should affirm the trial court's summary order because defendant failed to show: (1) his conviction for violating Vehicle Code section 10851 was for taking of a vehicle, rather than for posttheft driving; and (2) the car he stole was worth $950 or less. We conclude defendant sufficiently alleged a basis for relief in his initial filing and the case should be remanded for further factfinding.

### A. *Reasons for Trial Court's Denial*

Defendant preliminarily contends we must reverse the trial court's order because the trial court was misinformed that defendant had a disqualifying prior conviction. We disagree.

"The very settled rule of appellate review is a trial court's order/judgment is presumed to be correct, error is never presumed, and the appealing party must affirmatively demonstrate error on the face of the record." (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.) Even "the trial court's reliance on erroneous reasoning is no basis for reversal if the decision is correct. [Citation.] We review the correctness of the challenged ruling, not of the analysis used to reach it." (*In re Baraka H.* (1992) 6 Cal.App.4th 1039, 1045.)

Based on these rules, even if the trial court was misinformed that defendant had a disqualifying prior conviction, that does not necessarily mandate reversal because we review the correctness of the denial, not the reasons for it. This is especially true because the trial court's order does not give any reasons for the denial. (*People v. Lindsey* (1972) 27 Cal.App.3d 622, 637 ["Trial court judgments which are on their face correct, are not

3

overturned because a reviewing court suspects the trial judge based his decision on an unexpressed and improper ground"].) Because we must affirm the trial court's order on any correct legal theory applicable to the case, we must consider whether the trial court could have properly denied defendant's application for failure to submit sufficient evidence with his initial filing.

B.      *Requirements for Initial Filings Under Section 1170.18, Subdivisions (f) and (g)*

1.      *Background on Proposition 47*

In 2014, the voters enacted Proposition 47, which, among other things, added section 1170.18, subdivisions (f) and (g), enabling those convicted of felonies to apply to redesignate past convictions as misdemeanors if they have already completed their sentences and "would have been guilty of a misdemeanor under [Proposition 47] had this act been in effect at the time of the offense." (§ 1170.18, subd. (f); *People v. Bullard* (2020) 9 Cal.5th 94, 101.) Applicants seeking relief under section 1170.18, subdivision (f) bear the "ultimate burden" of demonstrating, by a preponderance of the evidence, that their convictions are eligible for redesignation. (*People v. Romanowski* (2017) 2 Cal.5th 903, 916 (*Romanowski*); *People v. Liu* (2019) 8 Cal.5th 253, 263; see Evid. Code, §§ 115, 500.) If the applicant meets that burden, the trial court must redesignate the conviction. (§ 1170.18, subd. (g).)

Proposition 47 affected Vehicle Code section 10851 by adding section 490.2, which reduced felony offenses consisting of theft of property worth $950 or less to misdemeanors. (*People v. Bullard, supra*, 9 Cal.5th at p. 99.) This means defendant must prove both that his conviction was for a theft offense and that the stolen car was worth $950 or less. The parties disagree as to whether defendant made sufficient showings for each element. We conclude that defendant's allegations were sufficient to require further factfinding once the People indicated their opposition.

4

*2.    Analysis*

Section 1170.18 is silent as to the submission of evidence or information to support an application for redesignation of a past conviction, but *People v. Washington* (2018) 23 Cal.App.5th 948, 957 concluded that a section 1170.18, subdivision (f) applicant's "statement that the value of the stolen property did not exceed $950 is sufficient to meet his prima facie burden under Proposition 47 with respect to the value of the stolen goods in question" and require an evidentiary hearing on remand. *Washington* considered it "unrealistic to expect Proposition 47 petitioners, who are often self-represented either from prison or upon release, to marshal evidence at the initial stage to establish that the stolen property at issue in their convictions did not exceed $950 at the time it was stolen." (*Washington, supra,* at p. 957.) Instead, the court proposed that, "[i]f the prosecution chooses to oppose a Proposition 47 petition on the ground the value of the stolen property exceeds $950, and this fact is not established by the record of the initial plea or conviction, the superior court should then hold an evidentiary hearing at which the value of the property taken may be considered." (*Ibid.*, citing 2 Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2021) § 25:14; *Romanowski, supra*, 2 Cal.5th at p. 916.) We agree with *Washington* that section 1170.18, subdivisions (f) and (g) do not require more than allegations sufficiently identifying a potentially eligible offense in the initial filing.

Here, defendant has alleged that his conviction under Vehicle Code section 10851 is eligible for redesignation as a misdemeanor, which provides sufficient notice to the People that they can oppose his application on the grounds that his conviction was not for a theft offense or that the car he stole was worth more than $950. The statute does not require more than the allegations made in defendant's initial filing, especially in this case, since defendant's testimony would likely be insufficient without expert testimony to determine the value of the specific 1967 Ford Mustang at the time of the theft in 1985. (See Evid. Code, § 801; *Naples Restaurant, Inc. v. Coberly Ford* (1968) 259 Cal.App.2d

5

881, 883-885 [discussing expert qualifications for valuing a Ford Thunderbird]; see also *People v. Liu, supra*, 8 Cal.5th at p. 264 [suggesting the trial court consult an expert witness about the market value of stolen access cards in a § 1170.18 proceeding].)[4]

### 3. Further Factfinding

While we conclude that section 1170.18 does not permit the trial court to summarily deny defendant's application on this record, we do not decide what procedures are available to the trial court on remand. If the People continue to oppose defendant's application on remand, the trial court should determine in the first instance procedures to give the parties the opportunity to submit evidence regarding the disputed facts, whether a hearing should be conducted, and whether counsel should be appointed. (See *Romanowski, supra*, 2 Cal.5th at p. 916 [if briefing by parties and record of conviction do not resolve factual disputes, evidentiary hearing may be required]; *People v. Washington, supra*, 23 Cal.App.5th at p. 957 [suggesting in dicta that an applicant would have the right to counsel in any court proceeding where the merits of his application are considered]; *People v. Rouse* (2016) 245 Cal.App.4th 292, 301 [holding that § 1170.18, subd. (a) petitioners have right to counsel at resentencing stage, but expressing no opinion about the right to counsel for § 1170.18, subd. (f) applicants]; cf. *People v. Pillsbury* (2021) 69 Cal.App.5th 776, 788-798 [discussing process due before issuing summary declination of resentencing petition]; *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1341 [inviting parties to brief specific issue not yet adjudicated before determining eligibility for resentencing].)

The bottom line is, "[w]hatever difficulties of proof [applicants] seeking relief under section 1170.18 may face, . . . [they] are due an opportunity to prove their

---

[4] For the same reason, we reject defendant's argument that record evidence showing the stolen vehicle was an 18-year-old Ford Mustang is sufficient to prove the value of the vehicle was $950 or less.

6

eligibility." (*Page, supra*, 3 Cal.5th at p. 1189.) The trial court did not provide that opportunity, so we will reverse the trial court's order denying defendant's application.

## III. DISPOSITION

The order denying defendant's section 1170.18, subdivision (f) application is reversed, and the case is remanded with instructions to permit the parties to submit evidence on any disputed factual issues and to afford defendant the opportunity to request a hearing.

/S/

_____

RENNER, J.

We concur:

/S/

_____

BLEASE, Acting P. J.

/S/

_____

KRAUSE, J.