Filed 8/23/22  P. v. Ferreira CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B315435 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA032763) |
| v. | |
| CHRIS FERREIRA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Affirmed.

Edward Mahler, Attorney for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Chris Ferreira appeals from the denial of his second petition under Proposition 47, the Safe Neighborhoods and Schools Act of 2014 (Pen. Code, § 1170.18), to reclassify his conviction for driving or taking a vehicle in violation of Vehicle Code section 10851, subdivision (a),[1] as a misdemeanor. The superior court denied Ferreira's first petition on the basis his felony conviction did not qualify for reduction to a misdemeanor. We affirmed without prejudice to Ferreira filing a second petition that provided evidence of his eligibility for resentencing consistent with the Supreme Court's decision in *People v. Page* (2017) 3 Cal.5th 1175, 1187 (*Page*). However, the superior court summarily denied Ferreira's second petition based solely on its denial of the first. On appeal, Ferreira contends, the People concede, and we agree the superior court's denial on this basis was error. But because Ferreira failed to state a factual basis for or submit evidence of his eligibility for relief, the error was harmless. We therefore affirm, but in light of the absence of a place on the Los Angeles Superior Court form for Proposition 47 petitions to provide additional information, our affirmance is without prejudice to Ferreira filing a third petition that makes a prima facie showing of eligibility for relief.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 9, 1997 Ferreira was charged with unlawful driving or taking a vehicle (§ 10851, subd. (a); count 1) and evading a peace officer in willful or wanton disregard for the safety of persons or property (§ 2800.2, subd. (a); count 2). On

---

[1] Further undesignated statutory references are to the Vehicle Code.

October 7, 1997, pursuant to a negotiated plea agreement, Ferreira pleaded no contest to driving or taking a vehicle in violation of section 10851, subdivision (a). He also admitted he had served prison terms for two prior felony convictions within the meaning of Penal Code section 667.5, subdivision (b). As part of the plea agreement, the trial court dismissed count 2 for evading a peace officer. The court sentenced Ferreira to the upper term of three years, plus two years for the prison priors, for an aggregate term of five years in state prison.

Ferreira filed his first Proposition 47 petition on February 3, 2016, representing himself, seeking to have his conviction reduced to a misdemeanor. Ferreira stated in his petition under penalty of perjury that he entered "a plea agreement for Driving w/out Owners [*sic*] Consent." Ferreira stated further, "I allege the value at less than $950.00." The superior court summarily denied the petition, finding Ferreira's felony conviction under section 10851 did not qualify for reduction to a misdemeanor under Proposition 47.

While Ferreira's appeal was pending, the Supreme Court in *Page, supra*, 3 Cal.5th at page 1187 held that convictions under section 10851 are eligible for resentencing under Proposition 47 if (1) the vehicle was worth $950 or less, and (2) the sentence was imposed for theft of the vehicle, not post-theft driving. In light of *Page*, we affirmed the order denying Ferreira's Proposition 47 petition "without prejudice to the filing of a new petition providing evidence of eligibility for resentencing consistent with the court's holding in *Page*." (*People v. Ferreira* (May 8, 2018, B277078) [nonpub. opn.] (*Ferreira I*).)

On or about August 19, 2021 Ferreira's appointed attorney submitted a second Proposition 47 petition on Ferreira's behalf.

3

The second petition was on a County of Los Angeles Superior Court form that was different from the court form Ferreira used for his first petition. The form petition contained 10 boxes a petitioner could check, nine of which listed eligible felony offenses under Proposition 47.[2] The last box provided a blank space where a petitioner could insert the type of offense. Ferreira checked the box for the blank space and wrote in "Vehicle Code § 1085(A)." He checked additional boxes indicating he waived his right to have his petition heard by the original sentencing judge; he was not required to register as a sex offender; and he had completed his sentence for the felony offense and requested the conviction be designated as a misdemeanor conviction. He did not provide any additional information on the form.

On September 17, 2021 the superior court summarily denied Ferreira's petition. The minute order states the superior court denied Ferreira's petition because the "same petition was

---

[2] The form allowed the petitioner to check a box for one of the following felony offenses: "Penal Code §459 2nd Degree Burglary (Shoplifting)"; "Penal Code §470/473 Forgery. Cumulative value is <$951"; "Penal Code §476a Writing Bad Checks. Cumulative value is <$951"; Penal Code §487 Grand Theft. Value <$951"; "Penal Code §666 Petty Theft With a Prior"; "Health & Safety Code §11350 Unlawful Drug Possession"; "Health & Safety Code §11357(a) Unlawful Drug Possession"; "Health & Safety Code §11377(a) Unlawful Drug Possession"; and "Penal Code §496(a) Receiving Stolen Property. Value <$951."

4

previously litigated and denied on 05/13/16."[3]  Ferreira timely appealed.

## DISCUSSION

A.      *Governing Law and Standard of Review*

Approved by voters in 2014, Proposition 47 provides, "A person who, on November 5, 2014, was serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing."  (Pen. Code, § 1170.18, subd. (a); see *Page, supra,* 3 Cal.5th at p. 1181.)  Codified in Penal Code section 1170.18, Proposition 47 "reduces many common theft- and drug-related offenses from felonies to misdemeanors for offenders who do not have prior convictions for specified violent or serious offenses."  (*People v. DeHoyos* (2018) 4 Cal.5th 594, 597; see *Page,* at p. 1179.)  "To that end, Proposition 47 amended or added several statutory provisions, including new Penal Code section 490.2, which provides that 'obtaining any property by theft' is petty theft and is to be punished as a misdemeanor if the value of the property taken is $950 or less."  (*Page,* at p. 1179.)  As relevant here, "[a] person convicted before Proposition 47's passage for vehicle theft under Vehicle Code section 10851

---

[3]      The minute order states the prosecutor was present but not Ferreira.  There was no court reporter, and the only record of the proceeding in the appellate record is the September 17, 2021 minute order.  Although the prosecutor was present, it does not appear a hearing was held.

may . . . be resentenced under section 1170.18 if the person can show the vehicle was worth $950 or less." (*Page*, at pp. 1180, 1183 ["By its terms, Proposition 47's new petty theft provision, [Penal Code] section 490.2, covers the theft form of the Vehicle Code section 10851 offense."].)

Penal Code section 1170.18 also provides a procedure for a defendant to petition for recall and resentencing if the defendant is currently serving a felony sentence or for reclassification of the offense as a misdemeanor if the defendant has completed the sentence. (Pen. Code, § 1170.18, subds. (a) & (f)); *In re C.B.* (2018) 6 Cal.5th 118, 124; *People v. DeHoyos, supra*, 4 Cal.5th at p. 599.) "A defendant seeking resentencing under section 1170.18 bears the burden of establishing his or her eligibility, including by providing in the petition a statement of personally known facts necessary to eligibility." (*Page, supra*, 3 Cal.5th at p. 1188; see *People v. Romanowski* (2017) 2 Cal.5th 903, 916 ["The ultimate burden of proving section 1170.18 eligibility lies with the petitioner."].)

As the Supreme Court has explained with respect to convictions under section 10851, "[e]xcept where a conviction is based on posttheft driving (i.e., driving separated from the vehicle's taking by a substantial break), a violation of section 10851 must be punished as a misdemeanor theft offense if the vehicle is worth $950 or less." (*People v. Bullard* (2020) 9 Cal.5th 94, 110.) Accordingly, a defendant convicted under section 10851 has the burden of showing in a Proposition 47 petition (1) the conviction was based on vehicle theft, not post-theft driving, and

6

(2) the value of the vehicle was less than $950. (*Ibid*; *Page, supra*, 3 Cal.5th at p. 1188.)

"In some cases, the uncontested information in the petition and record of conviction may be enough for the petitioner to establish this eligibility. . . . But in other cases, eligibility for resentencing may turn on facts that are not established by either the uncontested petition or the record of conviction. In these cases, an evidentiary hearing may be 'required if, after considering the verified petition, the return, any denial, any affidavits or declarations under penalty of perjury, and matters of which judicial notice may be taken, the court finds there is a reasonable likelihood that the petitioner may be entitled to relief and the petitioner's entitlement to relief depends on the resolution of an issue of fact.'" (*People v. Romanowski, supra*, 2 Cal.5th at p. 916.)

In *People v. Perkins* (2016) 244 Cal.App.4th 129, 137 (*Perkins*), Division Two of the Fourth Appellate District concluded a "defendant must provide some evidence of eligibility" in the petition to establish a prima facie case for eligibility. The court reasoned that because Penal Code section 1170.18, subdivision (b), does not specifically provide for a hearing to consider whether the defendant has met the eligibility requirements,[4] "in the normal case the superior court will rule on the basis of the petition and any supporting documentation."

---

[4] Penal Code section 1170.18, subdivision (b), provides, "Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . ."

(*Perkins*, at p. 137.) The court affirmed the summary denial of a petition that alleged the defendant was convicted of receipt of stolen property and the value of the property did not exceed $950, but the defendant did not describe the stolen credit card or address trial evidence that he stole other items, which would have enabled the court to determine whether he met the criteria for eligibility.[5] (*Id.* at p. 137; see *People v. Sherow* (2015) 239 Cal.App.4th 875, 880 ["We think it is entirely appropriate to allocate the initial burden of proof to the petitioner to establish the facts upon which his or her eligibility is based. [¶] Applying the burden to [the petitioner] would not be unfair or unreasonable. He knows what kind of items he took from the stores in counts 1 and 2. [¶] . . . [¶] A proper petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination."].)

Ferreira relies on *People v. Washington* (2018) 23 Cal.App.5th 948 (*Washington*), in which Division Eight of this district disagreed with the holding in *Perkins* and reversed the denial of a defendant's handwritten petition for reclassification of his second degree burglary conviction where the defendant alleged the value of the stolen property was $450 but did not provide any additional detail. (*Washington*, at pp. 955, 957.)

---

[5] The *Perkins* court's affirmance was without prejudice to the defendant filing a subsequent petition "that supplies evidence of [defendant's] eligibility." (*Perkins, supra*, 244 Cal.App.4th at p. 142.)

8

Citing to Couzens, et al., Sentencing California Crimes (The Rutter Group 2018) § 25.14, the Court of Appeal explained that the superior court's role is to perform an "'initial screening'" of the Proposition 47 petition to determine based on the petition and the record of conviction whether the defendant has alleged a prima facie basis for relief, and if the defendant meets this burden, the court must hold an evidentiary hearing. (*Washington*, at p. 955.) The court observed that the Los Angeles Superior Court Proposition 47 form (similar to the one used by Ferreira) required a defendant to specify on the form the felony conviction and date of conviction, and allowed the defendant to check a box stating "'[t]he amount in question is not more than $950'"; however, the form did not have space for a defendant to provide additional information or evidence to support the petition.[6] (*Ibid*.) The court noted that requiring a defendant to provide more information than the court form required "would effectively nullify the Los Angeles Superior Court's efforts to process Proposition 47 petitions." (*Ibid*.) The court concluded, "A petitioner's statement that the value of the stolen property did not exceed $950 is sufficient to meet his prima facie burden under Proposition 47 with respect to the value of the stolen goods." (*Id.* at p. 957.)

We agree with *Perkins* to the extent it requires, at a minimum, a petition to state a factual basis for eligibility, consistent with the Supreme Court's direction in *Page, supra*,

---

[6] The defendant in *Washington* did not use the court form, but the court considered the form in reversing the order denying the petition. (*Washington, supra*, 23 Cal.App.5th at p. 955.)

3 Cal.5th at page 1188, that a defendant seeking resentencing (or reclassification) under Proposition 47 must "provid[e] in the petition a statement of personally known facts necessary to eligibility." (See *People v. Simms* (2018) 23 Cal.App.5th 987, 993 ["At the screening stage, the petitioner bears the burden of proving the eligibility criteria set forth in subdivision (a)."].)[7]

We do not reach whether a defendant should be excused from this initial burden, as the *Washington* court concluded, where the defendant relied on a superior court form in simply alleging in a conclusory manner the requirements for eligibility for reduction to a misdemeanor. Because we advised Ferreira he needed to provide evidence of his Proposition 47 eligibility with any later petition, and further, he failed even to allege that his conviction was based on theft of a vehicle valued at $950 or less.

---

[7] To the extent the holding in *Perkins* would require a defendant to present evidence of eligibility with the initial petition, we do not read Proposition 47 to impose this requirement at the prima facie stage. As the Supreme Court held in *Page, supra,* 3 Cal.5th at page 1189, "a petition should allege and, where possible, provide evidence of the facts necessary to eligibility for resentencing under [Penal Code] section 1170.18."

B.     *The Superior Court's Error in Denying Ferreira's Petition Was Harmless*

Ferreira contends, the People concede, and we agree the superior court erred in denying Ferreira's second petition as repetitive because we affirmed the first denial without prejudice to Ferreira submitting a second petition. (*Ferreira I, supra*, B277078.)  However, the superior court's error was harmless because Ferreira failed to meet his prima facie burden to show Proposition 47 eligibility, and thus it is not reasonably probable he would have obtained a more favorable result had the superior court properly considered his petition.  (See *People v. Watson* (1956) 46 Cal.2d 818, 836 [error is prejudicial if "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error"]; *People v. Johnson* (2016) 1 Cal.App.5th 953, 968 [applying *Watson* harmless error standard to trial court's error in determining eligibility for resentencing under Proposition 47].)

Ferreira failed to present a factual basis supporting his eligibility for relief under Proposition 47, instead simply stating he suffered a felony conviction for violation of section 10851, subdivision (a). (See *Page, supra*, 3 Cal.5th at p. 1188.)  We recognize the Los Angeles Superior Court form petition used by Ferreira's attorney, like the one in *Washington, supra*, 23 Cal.App.5th at page 955, did not provide a space in which Ferreira could have alleged or provided additional facts to show he was convicted of section 10851 based on vehicle theft and the value of the vehicle was $950 or less.  We urge the Los Angeles Superior Court to modify its Proposition 47 form petition to provide space on the form for a defendant to supply a factual basis for a petition seeking resentencing or reclassification of a

11

theft-related conviction and to attach supporting documentation as appropriate. But unlike the petitioner in *Washington*, who potentially was misled by the form petition, we specifically instructed Ferreira in *Ferreira I, supra*, B277078 that he could file "a new petition providing evidence of eligibility for resentencing consistent with the court's holding in *Page*." He did not. And unlike the defendant in *Washington*, Ferreira was represented by counsel when he submitted his second petition. (See *Washington, supra*, 23 Cal.App.5th at p. 957 [disagreeing with *Perkins* because it is "unrealistic to expect Proposition 47 petitioners, who are often self-represented either from prison or upon release, to marshal evidence at the initial stage to establish" Proposition 47 eligibility].)[8]

We therefore affirm the order denying Ferreira's Proposition 47 petition. However, our affirmance is without prejudice to Ferreira filing a third petition that makes a prima facie showing of eligibility for relief. At a minimum, the petition must state a factual basis for a finding the vehicle was worth $950 or less and the sentence was imposed for theft of the vehicle, not post-theft driving. Further, the superior court must fulfill its responsibility to review the petition to determine whether Ferreira has made a prima facie showing.

---

[8] Ferreira asserts in his reply brief that the insufficiency of his petition "appears to be an oversight by his counsel." However, Ferreira does not argue ineffective assistance of counsel.

12

## DISPOSITION

The order denying Ferreira's petition to reclassify his conviction as a misdemeanor is affirmed without prejudice to Ferreira filing a third petition that makes a prima facie showing of eligibility for relief.

FEUER, J.

We concur:

SEGAL, Acting P. J.

WISE, J.*

---

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13